■ ATLANTIC MARINE AND BOAT CORPORATION, Doing Business as HUDSON MARINE SALES, Respondent, v PATRICK F. HERLIHY et al., Appellants. [612 NYS2d 480] —Weiss, J. Appeal from an order of the Supreme Court (Best, J.), entered September 1, 1993 in Fulton County, which, *inter alia,* denied defendants' motion for summary judgment dismissing the complaint.

Defendants decided to sell their 1990 boat and purchase a larger, new 1991 boat. On October 1, 1991 defendants signed a brokerage agreement authorizing plaintiff to sell their boat for $62,000 and agreed to pay a sales commission at 8% of the accepted price. At about the same time plaintiff presented defendants with a purchase agreement for the sale of a new 1991 boat at a price of $155,400. Although the purchase agreement included a trade-in allowance of $72,500, defendants still owed $67,500 on their 1990 boat, resulting in much less equity. Therefore, a contingency provision for a $120,000 loan to finance defendants' purchase of the 1991 boat was spelled out in the purchase agreement. That agreement was signed by both parties and further stated, "All deposits returned in event of failure to obtain said loan upon good faith

effort." Plaintiff contends that the purchase agreement dated October 28, 1991 was actually signed on a different date. Coincidentally, on October 28, 1991 defendants executed a bill of sale which transferred their 1990 boat, not to a third-party purchaser for $62,500, but directly to plaintiff and charged defendants a commission of $4,960 on the sale.

Plaintiff contends that the October 28, 1991 purchase agreement was terminated when defendants' boat was sold and that a new contract to buy the 1991 boat emerged on or about November 15, 1991, as evidenced by two unsigned memoranda from plaintiff dated November 2, 1991 and November 12, 1991 addressed only to "Dear Pat." Plaintiff commenced this action against defendants for breach of contract claiming damages of $20,650. Following service of their answer and counterclaim, defendants moved for summary judgment dismissing the complaint and for judgment on their counterclaim seeking a return of the $5,000 deposit. This appeal is from the order denying their motion.

Defendants contend that plaintiff's two memoranda can only be interpreted as referring to the October 28, 1991 purchase agreement and do not independently establish a superseding contract without a contingency for financing. We agree. Defendants clearly made a prima facie showing that they continued to require $120,000 in financing to purchase the 1991 boat and that provisions for both the finance contingency and for the return of their deposit set forth in the original agreement remained viable (see, *Zuckerman v City of New York,* 49 NY2d 557, 562). We reject plaintiff's contention that a superseding agreement without a contingency for financing was made as evidenced by its two unsigned memoranda. It is well settled that a party opposing a motion for summary judgment must assemble and lay bare affirmative proof in evidentiary form to demonstrate the existence of matters that are real and capable of being proven at trial (see, *supra*). Here, plaintiff failed to sustain its burden of showing that defendants agreed to eliminate the contingency for financing. Because defendants demonstrated their inability to obtain a $120,000 loan after good-faith efforts, the contingency provision remained unfulfilled and defendants are entitled to summary judgment for the return of their deposit.

Cardona, P. J., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and summary judgment awarded to defendants.